UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                                                     :

ROBERT D. MOSHER, as the Member        :
Representative pursuant to the Agreement and :
Plan of Merger dated as of May 20, 2012, as    :         15-CV-7594 (JPO)
amended, between and among DaVita, Inc.,     :
Seismic Acquisition LLC, Healthcare Partners :       OPINION AND ORDER
Holdings LLC, and Robert D. Mosher, as the   :
Member Representative,                               :
                                                                                   :
                                                    Plaintiff,    :
                                                                                      :
                               -v-                                                       :

DAVITA HEALTHCARE PARTNERS INC.,    :
f/k/a DAVITA INC.,                                  :
                                                                                   :
                                               Defendant.  :
-----------------------------------------------------------X

J. PAUL OETKEN, District Judge:

       Plaintiff Robert D. Mosher filed this contract action in the Supreme Court of New York for the County of New York on August 26, 2015. (Dkt. No. 1 Ex. 1.) Defendant DaVita Healthcare Partners Inc. removed the case to this Court on September 25, 2015. (Dkt. No. 1.) Mosher has moved to remand the case to state court and for attorneys' fees and costs. (Dkt. No. 18.) For the following reasons, that motion is granted.

**I.     Background**

       The summons in this case contains little information about its background, and Mosher has not yet filed a Complaint. (Dkt. No. 1 Ex. 1.) The facts required to resolve this motion, however, appear to be undisputed—and insofar as they are disputed, the Court may refer to evidence outside the pleadings to determine its jurisdiction. *See Bigsby v. Barclays Cap. Real Estate, Inc.*, No. 14-CV-1398, 2016 WL 1045662, at *1 (S.D.N.Y. Mar. 16, 2016) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *see also Gen. Elec. Cap. Corp. v.*

*Cutler*, No. 15-CV-4420, 2015 WL 7444627, at *1 n.1 (S.D.N.Y. Nov. 23, 2015) (approaching a motion to remand similarly).

This case stems from the acquisition of HealthCare Partners Holdings LLC, a limited liability company, by DaVita.  DaVita, a Delaware corporation with its principal place of business in Colorado (Dkt. No. 1 ¶ 8), operates thousands of outpatient dialysis centers internationally, and HealthCare Partners managed groups of thousands of physicians.  On November 1, 2012, DaVita acquired HealthCare Partners from its members.  As part of the merger agreement, Mosher, a citizen of California (Dkt. No. 1 ¶ 8), was designated as the "Member Representative" of the sellers of HealthCare Partners (the "members").  Mosher is not a member, though he does earn fees for his work as the Member Representative.  One member of Healthcare Partners is Summit VI Entrepreneurs Fund, L.P., and one of Summit's limited partners is a Delaware corporate entity.  (Dkt. Nos. 21-22.)

The merger agreement also provides for DaVita to place a portion of the purchase price (almost $560 million at the time) in escrow.  DaVita can seek indemnification from HealthCare Partners through the escrow account, and the remaining funds are released to the members over time.  Mosher alleges in this action that "DaVita has asserted invalid and inflated demands for indemnification and has wrongfully refused to authorize the escrow agent to distribute the escrowed funds to the Members as required." (Dkt. No. 19 at 4.)  He seeks a declaratory judgment and recovery in contract.

## II.     Jurisdiction

"Federal courts are courts of limited jurisdiction." *E.g. Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see McCormick v. Sullivant*, 23 U.S. 192, 199 (1825) ("[The] Courts of the United States . . . are all of limited jurisdiction . . . .").  DaVita removed this case pursuant to 28 U.S.C. § 1441(a), which

permits removal to federal court of civil actions "of which the district courts of the United States have original jurisdiction." The alleged basis for this court's original jurisdiction is 28 U.S.C. § 1332(a), the diversity jurisdiction statute. "'It is well established that for a case to fit within [§ 1332], there must be complete diversity' between plaintiffs and defendants." *Cortlandt Street Recovery Corp. v. Aliberti*, No. 12-CV-8686, 2014 WL 6907548, at *1 (S.D.N.Y. Dec. 9, 2014) (quoting *St. Paul Fire & Marine Ins. Co. v. Univ. Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005)). Complete diversity requires that every plaintiff be diverse from every defendant. *See id.* (citing *Univ. Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 580-81 (2d Cir. 2002)).

The dispositive issue in the case is whether Mosher's citizenship as the Member Representative is measured by his personal citizenship or by the citizenship of those he represents. If his personal citizenship counts, then this Court has diversity jurisdiction: Mosher is a California citizen, and DaVita is a citizen of Delaware and Colorado. *See Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) ("For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." (citing 28 U.S.C. § 1332(c)(1)).

If the citizenship of the members counts, however, then this Court lacks diversity jurisdiction. One of the members, Summit, is a limited partnership. Summit's citizenship, in turn, is the citizenship of each of its each of its general and limited partners. *See Quantlab Fin., LLC v. Tower Research Cap., LLC*, 715 F. Supp. 2d 542, 546 (S.D.N.Y. 2010); *see also Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016) ("For [unincorporated entities including limited partnerships], we too have adhered to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all its members." (alterations and internal quotation marks omitted)). And one of Summit's limited

partners is a Delaware corporate entity.  For jurisdictional purposes, then, if the members' citizenship counts, there would be at least one Delaware citizen suing a Delaware citizen.

None of these facts or their consequences is disputed.  The parties simply dispute whether it is Mosher's citizenship or that of the members that controls.  Mosher argues that, where a representative lacks a personal interest in the case, citizenship is determined by looking to those for whom the representative appears.  DaVita argues that, when a representative is empowered to act as the "master of the litigation," the representative's citizenship controls.

Mosher correctly identifies the rule.  "It is firmly established that 'citizens' for purposes of a federal court's diversity jurisdiction 'must be real and substantial parties to the controversy.'"  *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003) (*quoting Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980)); *see Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 218 (2d Cir. 2013); *Airlines Reporting Corp. v. S and N Travel, Inc.*, 58 F. 3d 857, 861-62 (2d Cir. 1995).  The rule in this Circuit distinguishes "between a plaintiff who sues solely in his capacity as an agent, on the one hand, and, on the other, a plaintiff who sues not only as an agent, but also as an individual who has his own stake in the litigation." *Id.* at 194.  In the former case, "the citizenship of the represented party, and not that of the representative, controls." *Id.*; *see, e.g.*, *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 931 (2d Cir. 1998); *U.S. Aviation Underwriters, Inc. v. Textron Inc.*, No. 15-CV-5216, 2015 WL 8373681, at *3-4 (S.D.N.Y. Dec. 8, 2015); *U.S. Bank Nat'l Ass'n v. Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 608 (S.D.N.Y. 2012); *see also Moore's Federal Practice – Civil* § 17.13[2][b][i].

DaVita cites two cases in which a court found that the citizenship of the "master of the litigation" controlled.  In each of these cases, however, the "master of the litigation" *also* had a real and substantial stake in the outcome of the litigation.  *See Oscar Gruss*, 337 F.3d at 194

4

("[Plaintiff] retained an 11.53% interest in the warrants.  It suffered a pecuniary loss and is entitled to a portion of the damages award.  As such . . . [it] is not a 'a mere conduit' but possesses a valid stake in the litigation . . . ."); *BC Media Funding Co. II v. Lazauskas*, 2009 WL 290526, at *3 (S.D.N.Y. Feb. 6, 2009) (observing that plaintiff would recover fees owed by defendants and "a portion of the interest due under the loans" at issue as part of the judgment).

That the plaintiffs in those cases were also the "masters of the litigation" was relevant for a different purpose.  As the Second Circuit has also explained, *among* multiple parties with a financial interest in a lawsuit, a representative plaintiff's citizenship may control "so long as the party chosen to bring the suit is in fact the master of the litigation." *Oscar Gruss*, 337 F.3d at 195 (quoting *Transcon. Oil Corp. v. Trenton Prods. Co.*, 560 F.2d 94, 103 (2d Cir. 1997)) (emphasis omitted).  That rule describes when a party chosen to bring a suit is not a collusive choice to create diversity jurisdiction.  *Id.*; *see Castillo Grand, LLC v. Sheraton Operating Corp.*, 719 F.3d 120, 124-26 (2d Cir. 2013) (explaining that a federal court may not exercise jurisdiction "of an action in which 'any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke jurisdiction of such court'" (quoting 28 U.S.C. § 1359)).  It has no application in a case, such as this one, in which the representative plaintiff has no financial interest in the lawsuit.

Mosher does not have an interest in this case.  He is not a member who would benefit from a judgment in this litigation.  DaVita observes that Mosher will be compensated for his service as Member Representative and for any costs he incurs while acting as Member Representative.  Those fees, DaVita notes, will be paid from a separate escrow account established under the merger agreement and, should that account be depleted, by the members.  (Dkt. No. 23 at 4-5.)  But these provisions demonstrate that Mosher's financial interest is divorced from the outcome of the case.  Mosher will be paid from a separate escrow account and,

if necessary, by the members regardless of whether the members win a judgment in this case. *Cf. BC Media Funding Co. II*, 2009 WL 290526, at *3 (finding that plaintiff has a sufficient stake in litigation based in part on plaintiff's contractual right to administrative servicing fees where the defendants guaranteed the fees and where the fees were part of the judgment). His mere fees for serving as an agent are too thin a reed on which to base federal jurisdiction. *See U.S. Nat'l Bank Ass'n*, 859 F. Supp. 2d at 611.

The motion to remand the case is granted.

### III.   Attorneys' Fees and Costs

The federal removal statute authorizes district courts to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Courts generally award attorneys' fees and costs under § 1447(c) 'only where the removing party lacked an objectively reasonable basis for seeking removal.'" *Albaniabeg Ambient Sh.p.k. v. Enel S.p.A.*, No. 15-CV-3283, 2016 WL 1060333, at *6 (S.D.N.Y. Mar. 11, 2016) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). The Court's analysis is guided by the "overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties," *id.* (quoting *Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992)), as well as the "purposes of awarding fees," *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011) (quoting *Martin*, 546 U.S. at 141).

There is no objectively reasonable basis in this case for removal. DaVita was made aware of Mosher's arguments and the existence of a nondiverse member on September 21, 2015—before removal. (Dkt. No. 20.) Mosher moved to remand two weeks later. *Cf. Martin*, 546 U.S. at 141 (observing that "a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's [sic] fees" in certain circumstances). This Court lacks jurisdiction based on a straightforward application of

Second Circuit precedent to the facts of this case.  Defendants, experienced lawyers, cite the leading Second Circuit case in their brief, yet ignore its clear instructions.  (Dkt. No. 23 at 3.) *See Oscar Gruss*, 337 F.3d at 194-95 (explaining the test for citizenship of a representative party and the role of the "master of the litigation" test).  That case describes the rule, and that rule has been "clearly established law in the Second Circuit for over a decade." *Alvarez & Marshal Global Forensic & Dispute Servs., LLC v. Cohen-Cole*, No. 14-CV-290, 2014 WL 641440, at *2 (S.D.N.Y. Feb. 19, 2014); *see also Prescia v. U.S. Life Ins. Co.*, No. 10-CV-2518, 2011 WL 70569, at *2 (S.D.N.Y. Jan. 6, 2011) (granting fees where "removal was predicated upon a diversity of citizenship that clearly does not exist" (internal quotation marks and citation omitted)).

DaVita argues that (a) its argument is objectively reasonable because it is correct, and (b) DaVita was unaware of this issue at the time of removal because it dealt solely with Mosher, not with Summit, and Summit's citizenship was not identified in the Summons.  The first argument is incorrect, as described above.  The second is belied by the record, since Mosher made DaVita aware of the jurisdictional defect before and immediately after removal.

The law of representative citizenship in diversity cases can sometimes be difficult, *see Americold Realty Tr.*, 136 S. Ct. at 1016, and Defendants have a "right to remove . . . when the statutory criteria are met," *Martin*, 546 U.S. at 140.  Removal followed by remand, however, "delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Id.*  Here, DaVita chose to disregard Mosher's timely arguments and remove the case without reference to the citizenship of the members.  The law provides no objectively reasonable basis for that choice.  *See id.* at 141.  Mosher's motion for attorneys' fees is granted.

7

## IV. Conclusion

For the foregoing reasons, Mosher's motion to remand is GRANTED. The Clerk of Court is directed to close the motion at Docket Number 18, and remand the case to the Supreme Court of New York for New York County.

Mosher's motion for attorneys' fees and costs is GRANTED. This Court retains jurisdiction solely for the purpose of acting on Mosher's motion for fees and costs. *See Bryant v. Britt*, 420 F.3d 161, 165 (2d Cir. 2005). Mosher's petition for fees and costs shall be filed within 14 days of the date of this order. DaVita's response shall be filed 14 days thereafter, and Mosher's reply shall be filed within 7 days of DaVita's response.

SO ORDERED.

Dated: May 23, 2016
New York, New York

_____
J. PAUL OETKEN
United States District Judge