UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROBERT D. MOSHER, as the Member
Representative pursuant to the Agreement and
Plan of Merger dated as of May 20, 2012, as
amended, between and among DaVita, Inc.,
Seismic Acquisition LLC, Healthcare Partners
Holdings LLC, and Robert D. Mosher, as the
Member Representative,

                                            Plaintiff,

            -v-

DAVITA HEALTHCARE PARTNERS INC.,
f/k/a DAVITA INC.,

                                          Defendant.
-------------------------------------------------------------X

15-CV-7594
(JPO)

OPINION AND
ORDER

J. PAUL OETKEN, District Judge:

On May 23, 2016, this Court granted Mosher's motion to remand and for attorneys' fees and costs. *Mosher v. Davita Healthcare Partners Inc.*, No. 15-CV-7594, 2016 WL 2997509 (S.D.N.Y. May 23, 2016). This decision resolves Mosher's petition for attorneys' fees and costs. (Dkt. No. 32.) For the following reasons, the petition is granted in part and fees and costs are awarded as set forth below.

**I.**    **Discussion**

Familiarity with the underlying facts and procedural history, as described in the Court's prior opinion, is presumed.

The federal removal statute authorizes district courts to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Mosher seeks $59,487.75 in attorneys' fees and $1,368.41 in costs in connection with his successful motion to remand this action to state court. (Dkt. No. 33.)

A.  **Attorneys' Fees**

"The district court retains discretion to determine . . . what constitutes a reasonable fee." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (alteration in original) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998)). The fee award should be based on the court's determination of a "presumptively reasonable fee," calculated as "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Id.* (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cty. of Albany,* 522 F.3d 182, 183 (2d Cir. 2008)).

1.  **Hourly Rate**

A reasonable hourly rate is determined by the "prevailing market rate," that is, the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "The relevant community, in turn, is the district in which the court sits." *Farbotko v. Clinton Cty of New York*, 433 F.3d 204, 208 (2d Cir. 2005) (citation omitted).

Mosher's request for attorneys' fees claims the following hourly rates for attorneys from Skadden, Arps, Slate, Meagher & Flom LLP: $1215 for Jay B. Kasner, a partner; $1134 for Jospeh N. Sacca, a partner; $783 for Sarah Bender-Nash, an associate; and $661.50 for Bradley E. Honigman, an associate. (Dkt. No. 34 Ex. A.) To support these claimed rates, Mosher has provided evidence of the backgrounds and experience of these attorneys. (Dkt. No. 34 ¶¶ 30-33.) Mosher has also submitted evidence—in the form of a survey of billing rates charged at some of the nation's largest law firms (Dkt. No. 34 Ex. D) and articles from *Law360* (Dkt. No. 34 Ex. E) and *ABA Journal* (Dkt. No. 34 Ex. F)—showing that the rates charged by these attorneys are consistent with prevailing rates charged by similar New York City firms. Davita does not contest the reasonableness of the hourly rates charged.

The Court concludes that these rates fall within the "range of reasonableness" for fees in this district for similar services by comparable lawyers. *Danaher Corp. v. Travelers Indem. Co.*, No. 10-CV-0121, 2015 WL 409525, at *4, *9 (S.D.N.Y. Jan. 16, 2015), *adopted in full*, No. 10-CV-121, 2015 WL 1647435 (S.D.N.Y. Apr. 14, 2015).

### 2. Number of Hours Worked

After establishing the appropriate hourly rate, a court must determine how much time was reasonably expended in order to arrive at the presumptively reasonable fee. *Id.* at *3. Courts must exclude "excessive, redundant or otherwise unnecessary hours." *Id.* (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir.1997)). The court may exclude such hours "by making specific deductions or 'by making an across-the-board reduction in the amount of hours.'" *Id.* (quoting *Luciano v. Olsten Corp.*, 109 F.3d 111, 117 (2d Cir. 1997)).

Mosher seeks compensation for 72.1 hours of attorney work. (Dkt. No. 34 Ex. A.) To support this claim, Mosher has submitted a "Time Billing Summary" listing the number of hours billed and the tasks performed by each attorney on this matter. (*Id.* Ex. B.) Davita contends that the number of hours worked is unreasonable and argues that "twenty hours is a more reasonable award for the work that was required in this case." (Dkt. No. 35.)

The Court agrees with Davita that logging over 70 hours on a straightforward motion to remand is excessive. *See Mosher*, 2016 WL 29997509, at *3 ("There is no objectively reasonable basis in this case for removal."). "[D]istrict courts across this Circuit hesitate to reimburse plaintiffs' attorneys for more than about 30 hours spent on relatively uncomplicated motions to remand." *Samuel v. Town of Cheektowaga*, No. 09-CV-381A, 2010 WL 411090, at *2 (W.D.N.Y. Jan. 25, 2010); *see, e.g.*, *General Elec. Capital Corp. v. Cutler*, No. 15-CV-4420, 2015 WL 7444627, at *6-7 (S.D.N.Y. Nov. 23, 2015) (reducing compensated hours worked on a

3

remand motion from 54.4 hours to 30 hours); *MB Fin. Bank, N.A. v. 56 Walker, LLC*, No. 11-CV-5538, 2011 WL 6338808, at *4 (reducing a claim for 51 compensated hours by 40%).

Mosher's proffered justifications for the outsized investment of attorney time are unavailing.  Mosher claims that the additional hours were required to "seek and obtain competent evidence of citizenship from a non-diverse, non-party Member that is itself a limited liability partnership and was represented by its own counsel" and to "engage in research tasks to assess the consequences of . . . procedural events that would have been unnecessary but for the removal."  (Dkt. No. 36.)  These items do not reasonably justify the 42.1 hour differential between Mosher's claimed 72.1 hours and 30 hours, which represents "the upper end of attorney time spent on a straightforward remand motion."  *General Elec. Capital Corp.*, 2015 WL 7444627, at *7.  Nor do these activities appear to account for a substantial amount of time on Mosher's Time Billing Summary.  (Dkt. No. 34 Ex. B.)

For these reasons, the Court reduces Mosher's award of attorneys' fees to the fees that 30 hours of work would have generated.  Crediting Mosher's counsel with 30 hours of work—about 41.6% of the requested 72.1 hours—results in a total fee award of $24,752.18.

**B.     Costs**

The cost of legal research tools is compensable in a fee award.  *Inter-American Dev. Bank v. Venti S.A.*, No. 15-CV-4063, 2016 WL 642381, at *8 (S.D.N.Y. Feb. 17, 2016) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 369 F.3d 91, 98 (2d Cir. 2004)).  Mosher seeks an additional $1,368.41 in costs for Westlaw Research.  (Dkt. No. 34 Ex. A.)  Davita does not dispute these additional costs.  The Court concludes that the additional costs—which are uncontested and minimal in relation to the overall fee award—are reasonable.

## II. Conclusion

For the foregoing reasons, Mosher's petition for attorneys' fees and costs is GRANTED in part. Mosher is hereby awarded $26,120.59 in fee compensation for 30 hours worked and research costs.

SO ORDERED.

Dated: July 20, 2016
       New York, New York

_____
J. PAUL OETKEN
United States District Judge